IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

RICHARD B. MOORE,

        Plaintiff,

                                                    Civ. Action No.
                                                    3:05-CV-0175 (TJM/DEP)

   vs.

JOSEPH A. ANDRENO, *et al.*,

        Defendants.

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFF: | |
| O'LEARY LAW FIRM<br>P.O. Box 177<br>Walton, NY 13856 | TERENCE P. O'LEARY, ESQ. |
| FOR DELAWARE COUNTY<br>DEFENDANTS: | |
| MILLER LAW FIRM<br>6286 Fly Rd.<br>East Syracuse, NY 13057 | FRANK W. MILLER, ESQ. |
| FOR DEFENDANT RUTH M. SINES: | |
| VITANZA, SHABUS LAW FIRM<br>Norwich Office<br>P.O. Box 390<br>15 Maple Street<br>Norwich, NY 13815 | THOMAS A. VITANZA, ESQ. |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Plaintiff Richard B. Moore has commenced this civil rights action asserting various claims including, *inter alia*, under 42 U.S.C. §§ 1981, 1983 and 1985. Plaintiff's claims arise out of an incident precipitated by a request from defendant Ruth M. Sines, plaintiff's live-in girlfriend of six years, for the assistance of law enforcement officers in moving out of plaintiff's home after her discovery there of knives, guns, narcotic drugs and gun powder. Plaintiff, a physician's assistant, maintains that during an ensuing search of his home various items were recovered from a padlocked room, in violation of his constitutional rights, leading to his indictment and prosecution for possession of controlled substances.[1]

Currently before the court is an application by the Delaware County defendants for an order compelling a special prosecutor assigned to investigate and prosecute the plaintiff in *People v. Richard B. Moore* (Delaware County, 2003), Joseph A. Ermeti, Esq., to produce the file associated with that prosecution, including any grand jury minutes

---

[1] According to the plaintiff, the evidence seized during the search was ultimately suppressed, and the charges against him dismissed.

2

contained within that file.[2]  That motion is not opposed by the plaintiff, who has issued an authorization permitting disclosure of the file in issue. Similarly, although he has not formally advised the court of this fact, Delaware County District Attorney Richard B. Northrup, Jr., who does not apparently maintain a file in connection with the prosecution of the plaintiff, does not oppose the request.  The Special Prosecutor, Attorney Ermeti, whose file is sought, was served with the Delaware County defendants' motion, but has not formally advised the court of his position. That individual, however, has apparently now complied with a request of the Delaware County defendants to make the requested file available, although he has withheld any grand jury minutes relating to the prosecution of the plaintiff.

Having reviewed the matter, I find that the request currently made by the Delaware County defendants for an order compelling Special Prosecutor Joseph A. Ermeti, Esq. to provide the requested disclosure would be both premature and inappropriate, inasmuch as the court has not yet acquired jurisdiction over that individual, and he has not been afforded an opportunity to be heard.  There is no need to address the

---

[2] Included within the category of the "Delaware County defendants" are Joseph A. Andreno, County of Delaware, Thomas Mills, and Kurt R. Palmer.

Delaware County defendants' request, however, since the requested file has now been supplied and the issue appears to be moot.

The Delaware County defendants may argue that a live controversy is nonetheless presented, in light of the prosecutor's failure to produce relevant grand jury minutes. As a matter of comity, however, any application for such minutes should be made in the first instance to the state court which empaneled and supervised the activities of the grand jury in question. *Lehman v. Kornblau*, 206 F.R.D. 345, 348-49 (E.D.N.Y. 2001); *Ruther v. Boyle*, 879 F. Supp. 247, 250-51 (E.D.N.Y. 1995); *see also* N.Y. Criminal Procedure Law § 190.25; *Ivey v. State of New York*, 138 A.D.2d 962, 962-63, 526 N.Y.S.2d 867, 867 (4th Dept. 1988). I therefore find that the Delaware County defendants' request in this regard is premature.

Based upon the foregoing it is hereby

ORDERED as follows:

1) The motion of the Delaware County defendants for an order compelling disclosure (Dkt. No. 23) is DENIED, without prejudice.

2) The clerk shall forward copies of this order to the parties in this action via electronic means, and in addition shall mail a copy of the order

to Delaware County District Attorney Richard Northrup, Esq., and special prosecutor Joseph A. Ermati, Esq., at the addresses reflected on the Delaware County defendants' notice of motion (Dkt. No 23).

Dated:   December 7, 2005
         Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\Civil\2005\05-CV-0175\order.wpd