At a motion term of the United States District Court for the Northern District of New York, in and for the City of Binghamton, on the 28th day of March, 2008.

PRESENT:   Hon. Thomas J. McAvoy
           U.S. District Court Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**RICHARD B. MOORE,**

                Plaintiff,

v.

**DELAWARE COUNTY DEPUTY SHERIFF JOSEPH A. ANDRENO, COUNTY OF DELAWARE, DELAWARE COUNTY SHERIFF THOMAS MILLS, RUTH M. SINES AND DELAWARE COUNTY DEPUTY SHERIFF KURT R. PALMER,**

                Defendants.

---

**ORDER**
Civil Action No.: 3:05-cv-0175 (TJM/DEP)

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
APR 18 2008
AT ____ O'CLOCK ____
Lawrence K. Baerman, Clerk - Binghamton

The Defendants, Joseph Andreno and Kurt R. Palmer, by and through their attorneys, The Law Firm of Frank W. Miller, having duly moved this Court for an Order seeking dismissal of Plaintiff's remaining claims pursuant to FRCP Rule 56, together with such other and further relief as to the Court seems just and proper, upon the grounds that the claims of the Plaintiff lack substantial merit and/or do not raise triable issues of fact for a jury to consider, and the Court having considered the Notice of Motion dated February 13, 2008, the declaration of Attorney Charles E. Symons, in support of said motion, dated February 13, 2008, together with all attached exhibits, the Defendants' Statement of Material Facts Pursuant to L.R. 7.1, dated February 12, 2008, and the Defendants' Memorandum of Law in Support of Motion for Summary Judgment dated February 13, 2008, and the Court having

considered an affidavit by Richard B. Moore, in opposition thereof, sworn to June 26, 2006, and the Declaration of Plaintiff's counsel Terence P. O'Leary, in opposition to said motion, dated March 11, 2008, together with various exhibits attached thereto, as well as the Plaintiff's memorandum of law in opposition, and the Court having considered the reply declaration of Charles E. Symons, in support of said motion, dated March 13, 2008, and having considered the Defendants' Reply Memorandum of Law in further support of their motion for summary judgment, and the matter having come on to be heard, on the 28th day of March, 2008, and the Court having heard Frank W. Miller, Esq., on behalf of Defendants in support of said motion, and Terence P. O'Leary, Esq. in opposition to said motion, and after due and sufficient deliberation thereon, it is

**ORDERED**, that any claim by the Plaintiff alleging an unlawful search and seizure in violation of the Plaintiff's due process rights, be and hereby is dismissed with prejudice, and it is further

**ORDERED**, that for reasons previously set forth in the opinion of the United States Court of Appeals, Second Circuit, in this case decided on October 22, 2007, the Defendants, are entitled to qualified immunity on said unlawful search and seizure claims and said claims are therefore dismissed with prejudice, and it is further

**ORDERED**, that the Plaintiff's due process claims alleging a violation of the Plaintiff's rights due to the delays in the prosecution of the case against him, be and are hereby dismissed with prejudice, and it is further

**ORDERED**, that any equal protection claims asserted by the Plaintiff are dismissed, with prejudice, and it is further

**ORDERED**, that the Plaintiff's claims pursuant to 42 U.S.C. §1985(3) be and hereby are dismissed with prejudice, and it is further

**ORDERED**, that the Plaintiff's claims pursuant to 42 U.S.C. §1981 be and hereby are dismissed with prejudice and it is further

**ORDERED**, that the Defendants' Motion for Summary Judgment as to the Plaintiff's due process claim regarding notice of the seizure of property, be and is hereby denied, for the reasons set forth in the decision of this Court, stated on the record, on March 28, 2008 in that, the Court finds that there are triable issues of fact, as to whether the Defendants should have provided the Plaintiff with notice of the property seized, and further whether the items seized from the Plaintiff were in fact "contraband" and whether Plaintiff was provided with reasonable notice of the seizure and whether Plaintiff had actual notice of the seizure by the Defendants, and it is further

**ORDERED**, that the Defendants' motion for dismissal, based upon the defense of qualified immunity, as to the Plaintiff's due process claim regarding notice of the seizure of property is denied, and it is further

**ORDERED**, that to the extent Plaintiff asserts any other claims, those are dismissed, with prejudice.

Order signed this 17th day of April, 2008 at Binghamton, New York.

Enter.

_____
Hon. Thomas J. McAvoy
U.S. District Court Judge

3